IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS INC., | : | |
| Plaintiff, | : | 1:13-cv-2373 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE A. CRALEY, *et al.*, | : | |
| Defendants. | : | Hon. John E. Jones III |
| | : | |

## **MEMORANDUM**

### **March 24, 2014**

Presently pending before the Court is Plaintiff J &J Sport Productions Inc.'s ("Plaintiff") motion for Default Judgment against Defendants Jamie A. Craley and Harry E. Craley, individually and collectively as Jamie's Courtside Sports; and JHC of York, Inc., an unknown business entity of Jamie's Courtside Sports (hereinafter collectively "Defendants") for violations of various federal copyright laws. The Plaintiff alleges the Defendants unlawfully intercepted and displayed for the purpose of direct or indirect commercial advantage *"Star Power": Floyd Mayweather, Jr. v. Victor Ortiz, WBO Welterweight Championship Fight* Program (hereinafter "Program"). The Plaintiff further alleges that it had exclusive rights to distribute the Program. The Defendants have failed to respond to the Plaintiff's

1

complaint and default has been entered by the Clerk of this Court. (Doc. 15). Thus, the Plaintiff now moves this Court to enter default judgment against the Defendants, requiring them to pay the Plaintiff the following amount of damages: maximum statutory damages of $10,000 under 47. U.S.C. § 605(e)(3)(C)(i)(II); maximum enhanced damages of $100,000 under 47 U.S.C. § 605(e)(3)(C)(ii); and $8,200 in damages for conversion of Plaintiff's property. For the reasons articulated herein, we shall enter judgment against the Defendants in the amount of $20,000.

I. **STANDARD OF REVIEW**

Pursuant to Fed.R.Civ.Pro. 55 a district court may enter default judgment against a defendant who has failed to plead or otherwise defend against a lawsuit. "Where a court enters a default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DirectTV, Inc. v. Pepe*, 431 F.3d 162,917 (3d Cir. 2005). Thus, "[a]t the time of entry default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## II.   BACKGROUND[1]

By contract, Plaintiff secured the right to distribute the Program, telecast nationwide on September 17, 2011 via closed-circuit television. (Doc. 1, ¶ 21). The Plaintiff encrypted the Program and made it available to Plaintiff's customers who paid a license fee. (*Id.*, ¶ 22). Thus, an entity could only lawfully access the Program if they contracted with the Plaintiff. (*Id.*, ¶ 12).

On September 17, 2011, investigator Marisa Hardy observed the unlawful exhibition of the Program at the Defendants' commercial establishment on ten televisions. (Doc. 16-3, 2). She completed three separate head counts of patrons at the bar between 12:10 and 12:18A.M (98, 77, and 34 patrons, respectively). *Id*. Defendants charged customers a $3.00 cover charge in order to enter the bar while the Program was being shown. *Id*. Defendants did not have a license for the Program. (Doc. 1, ¶ 11).

Based on the investigator's observations, Plaintiff proceeded to commence legal action against the Defendants. (Doc. 1). As referenced above, Defendants failed to answer Plaintiff's complaint which resulted in the Clerk entering default against the Defendants. (Doc. 15).

---

[1] The following facts are drawn from the complaint as well as the affidavit of Marisa Hardy, attached to the Motion for Default Judgment.

## III. DISCUSSION

Because default has been entered against the Defendants based on their failure to respond, the only issue left to address is the amount of damages the Plaintiff may recover from the Defendants as a result of Defendants' unlawful interception and exhibition of the Plaintiff's Program. Prior to providing our reasons for the amount of damages Defendants owe Plaintiff, we shall supply a brief summary of the federal copyright laws underpinning Plaintiff's claim. 7 U.S.C. §605, *et seq.* ¶ 47 U.S.C. § 605 provides:

> No person having received any intercepted radio communication … knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. 47 U.S.C. § 605.

The purpose of the statute is to provide prosecutors and civil plaintiffs with the tools needed to combat piracy of protected communications. *See U.S. v. Scott,* 783 F. Supp. 280, 382 (N.D. Miss. 1992). Piracy has plagued the cable industry with millions of dollars of lost revenue each year. *Cable Communications Policy Act of 1984. House Report no. 98-934, 5 U.S. Cong. News.* Accordingly, the federal copyright laws impose severe penalties on people or entities who intercept, receive and/or broadcast protected communications.

4

Pursuant to §605, an aggrieved party may, at its discretion, recover either actual or statutory damages after proving a successful §605(a) claim. 47 U.S.C. § 605(e)(3)(C). If the aggrieved party elects to recover statutory damages then they may recover "a sum of not less than $1,000.00 or more than $10,000.00, as the Court considers just" for each violation. 47 U.S.C. § 604(e)(3)(C)(i)(II). Additionally, if a court determines that a violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." 47 U.S.C. § 605(e)(3)(C)(ii). In the case at bar, Plaintiff has elected to receive statutory damages, which they seek to enhance under the aforesaid provision.

### A. Statutory Damages

In our view, it is appropriate to award the Plaintiff the full measure of statutory damages in this matter. It is common for courts to have impose maximum statutory damages despite a relatively small impact from an unlawful interception and exhibition. *See Joe Hand Promotions, Inc. v. Tidmarsh*, 2009 WL 1845090 (E.D.Cal. 2009) (Maximum statutory damages imposed despite a relatively small impact when defendants showed a protected communication to twenty-five customers in low capacity bar with one television); *Kingvision Pay-Per-View, Ltd.*

*v. Dosani*, 2006 WL 3316988 (S.D.Tex. 2006) (The court held that the "difficulty in detecting unlawful interceptions, the widespread problem of piracy, the projected loss to the plaintiff, and the need for an award sufficient to deter future piracy by Defendants" weigh in favor of grating maximum statutory damages).

    B.    **Enhanced Damages**

Next, the Plaintiff requests that we impose maximum enhanced damages pursuant to 47 § 605(e)(3)(C)(ii). In order to impose enhanced damages, we must find the Defendants' violation to be "committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). It is well settled that the conduct of Defendants here, namely televising the Program without a license, is considered willful for purposes of the statute. *See Entertainment By J &J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp.2d 769, 776 (S.D. Tex. 2002) (Unauthorized display of protected communications is willful because of "the low probability that a commercial establishment could intercept such a broadcast merely by chance"); *see also Joe Hand Promotions, Inc. v. Martinez*, 2008 WL 4629855, *6 (S.D.N.Y. 2008) ("The acquisition of an encrypted signal by defendants undoubtedly required some affirmative actions that imply both a degree of technical sophistication and a desire to obtain a benefit to which defendants was not entitled."); *see also Garden City*

*Boxing Club, Inc. v. Frezza,* 476 F.Supp.2d 135, 138(D. Conn. 2007) ("[T]he court may draw an inference of willfulness from a defendant's failure to appear and defend an action in which the plaintiff demands increased statutory damages based on allegations of willful conduct").

Additionally, it is well settled that an interception such as one in the matter *sub judice* is typically done for commercial advantage. "A defendant who intercepts signals and broadcasts programming without authorization 'in a place of business where certain events are shown to the public' is generally held to have acted willfully and for the purposes of commercial advantage." *Garden City Boxing Club, Inc. v. Batista*, 2007 WL 4276836, *5 (E.D.N.Y. 2007). Therefore, since we find the Defendant's violation to be "committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain," we shall impose enhanced damages in addition to the statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

In determining an enhanced damages award, courts have set forth several factors that do *not* support a finding of a substantial award. These include: (1) no evidence of prior defendant violations; (2) no evidence of significant earnings by defendant regarding the night in question; (3) plaintiff's loss of revenue is not significant; (4) no evidence of defendant advertising to entice a larger crowd; (5)

defendant does not charge customers cover for entry; and (6) no evidence that the defendant charged a premium for food and drinks that night. *Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179 (D.Colo. 2008).

Like the plaintiff in *Kingvision*, Plaintiff here provided no evidence of Defendants' prior violations, no evidence of Defendants advertising to entice a larger crowd, and no evidence that the Defendants charged a premium for food or drink. While the Defendants did charge customers a cover of $3.00 for admission, we consider this to be a *de minimius* amount. Based on the foregoing, we find that the record does not support a substantial award of enhanced damages. Additionally, district courts rarely impose maximum enhanced damages unless the defendant a repeat offender. *See J & J Sports Production, Inc. v. Ferreyra*, 2008 WL 4104315 (E.D.Cal. 2008). That said, the evident willfulness of Defendants' actions impels some measure of enhancement.

Accordingly, we shall award the Plaintiff $10,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), finding this award to be commensurate with the violation committed by the Defendants.[2]

---

[2] We recognize that the Plaintiff requests damages for conversion in the amount of $8,200. The tort of conversion is "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *McKeeman v. CoreStates Bank, N.A.,* 751 A.2d 655, 659 (Pa. Super. 2000)**.** We believe that the copyright damages we have awarded sufficiently remedy the harm suffered by the Plaintiff, and accordingly we shall not award damages on the conversion claim inasmuch as

---

they essentially duplicate those we have ordered.

9